IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DEBORAH FIRMAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-09-3785 |
| | § | |
| BECON CONSTRUCTION COMPANY, | § | |
| INC., BECON PERSONAL ACCIDENT | § | |
| INSURANCE PLAN/502, and | § | |
| LIFE INSURANCE COMPANY OF | § | |
| NORTH AMERICA, | § | |
| | § | |
| Defendants. | § | |

SUPPLEMENTAL ORDER ON SUMMARY JUDGMENT

The Court in its Memorandum and Order signed April 15, 2011, asked the parties' counsel to "confer in a good faith attempt to reach agreement on whether Plaintiff is entitled to recover attorney's fees and expenses and, if so, to reach an agreement upon the amount of reasonable and necessary attorney's fees and expenses that Plaintiff is entitled to recover, if any." The parties have conferred and agreed to an amount of attorney's fees ($55,416.87) and taxable court costs ($1,182.21) to be awarded to Plaintiff (Document No. 65). The Court finds, after carefully considering the Bowen factors,[1] that an award of attorney's fees to Plaintiff

---

[1] Those factors are: (1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an attorney's fee award; (3) whether an attorney's fee award would deter other persons acting under similar circumstances; (4) whether the parties requesting attorneys' fees sought to benefit all participants and beneficiaries of an ERISA plan or to

is appropriate in this case. *See* 29 U.S.C. § 1132(g)(1) (permitting "the court in its discretion" to "allow a reasonable attorney's fee and costs of action to either party"); <u>Lain v. UNUM Life Ins. Co. of Am.</u>, 279 F.3d 337, 348 (5th Cir. 2002), *abrogated on other grounds by* <u>Metro. Life Ins. Co. v. Glenn</u>, 128 S. Ct. 2343 (2008) ("[A] district court may award attorneys' fees upon finding an abuse of discretion on the part of an administrator in denying benefits."). Accordingly, the Court will enter an award to Plaintiff for attorney's fees and costs in the amounts agreed upon by the parties.

In their Joint Notice of the Parties' Agreement as to Judgment Amounts (Document No. 65), the parties further agreed that $210,000.00 is the principal amount of the benefits due under the Policies, and that $23,618.24 is the amount of pre-judgment interest due on the foregoing sum to the date of Final Judgment, June 3, 2011.

Finally, in their Joint Stipulation of Entry of Final Judgment Against Life Insurance Company of North America (Document No. 67), the parties mutually agreed and stipulated that the Becon Personal Accident Insurance Plan/502 is a fully insured Plan, and, accordingly, that Final Judgment should be entered only against the insurer of such Plan, Defendant Life Insurance Company of

---

resolve a significant legal question regarding ERISA itself; and (5) the relative merits of the parties' positions. <u>Iron Workers Local No. 272 v. Bowen</u>, 624 F.2d 1255, 1266 (5th Cir. 1980).

North America ("LINA").  Accordingly, all parties agree to the substitution of Defendant LINA in place of Becon Personal Accident Insurance Plan/502 in the Final Judgment as the Defendant party fully liable for all of Defendants' liabilities to Plaintiff Deborah Firman pertaining to Plaintiff's claims against Becon Personal Accident Insurance Plan/502.  The parties are further agreed that all remaining claims against Becon Construction Company, Inc. and Becon Personal Accident Insurance Plan/502 may therefore be dismissed with prejudice.

The foregoing agreements of the parties on the amount of attorney's fees and upon the substitution of LINA as the party against which to enter judgment for the Plan's liabilities, do not constitute an admission by Defendants of liability on the underlying claim, nor do they preclude Defendants from appealing the merits of the judgment for Plaintiff.

Accordingly, and for the reasons stated in the Memorandum and Order signed and entered April 15, 2011, as supplemented and in part amended in this Supplemental Summary Judgment Order, the Court will separately enter a final judgment for Plaintiff Deborah Firman to recover from Life Insurance Company of North America the sum of $210,000.00 in benefits due to Plaintiff under Group Accident Policy OK 826455 and Voluntary Personal Accident Insurance Group Policy OK 822833, issued by Life Insurance Company of North America, plus agreed pre-judgment interest thereon to June 3, 2011,

in the amount of $23,618.24, plus reasonable attorney's fees in the amount of $55,416.87, plus taxable costs of court in the amount of $1,182.21, all for a total judgment of $290,217.32; and Defendants Becon Construction Company, Inc. and Becon Personal Accident Life Insurance Plan/502, in accordance with the agreement and stipulation of all parties, shall be DISMISSED with prejudice.

It is SO ORDERED.

The Clerk will enter this Order, providing a correct copy to all parties of record.

SIGNED at Houston, Texas, on this 3rd day of June, 2011.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE